UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICARDO T.,

    Petitioner,

v.

CHARLES L. GREEN,

    Respondent.

Civ. No. 19-11148 (KM)

OPINION

## KEVIN MCNULTY, U.S.D.J.

### I. INTRODUCTION

Petitioner, Ricardo T.,[1] is an immigration detainee currently being held at the Essex County Correctional Facility, in Newark, New Jersey. He is proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be denied without prejudice.

### II. PROCEDURAL HISTORY

Petitioner is a native and citizen of Jamaica who entered the United States at an unknown location and date. On June 28, 2016, Petitioner was convicted of unlawful possession of a weapon, contrary to N.J. Stat. Ann. § 2C:39-5B, and possession of a controlled dangerous substance or analog, contrary to N.J. Stat. Ann. § 2C:35-10A(4).

On May 24, 2017, the Department of Homeland Security, Immigration and Customs Enforcement, ("ICE") initiated removal proceedings against Petitioner. ICE took Petitioner into

---

[1] Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Petitioner is identified herein only by his first name and last initial.

custody under 8 U.S.C. § 1226(a) on January 18, 2018. On March 1, 2018, Petitioner appeared for a master calendar hearing and a bond hearing before an immigration judge. The master calendar hearing was adjourned to allow Petitioner time to seek representation, but the bond hearing proceeded. The immigration judge denied release on bond. It does not appear that Petitioner filed an appeal of this decision.

On July 3, 2018, Petitioner appeared with counsel for a master calendar hearing and filed an application for relief from removal. On January 9, 2019, an individual calendar hearing on the merits of Petitioner's application was held. The immigration judge denied Petitioner's application for relief and ordered him removed. Petitioner appealed the decision to the Board of Immigration Appeals ("BIA"). On May 20, 2019, the BIA issued a decision dismissing Petitioner's appeal and affirming the decision of the immigration judge.

On June 24, 2019, Petitioner filed a petition for review of the BIA's decision and a motion for a stay of removal with the U.S. Court of Appeals for the Third Circuit. On the same day, the Third Circuit temporarily granted a stay of removal in accordance with the Third Circuit's standing order regarding stays. On September 10, 2019, Petitioner's motion to stay his removal was denied and the temporary stay of his removal was vacated. *See Thompson v. Att'y Gen. of the U.S.*, No. 19-2442 (3d Cir.). His petition for review of the BIA's decision remains pending.

In April 2019, Petitioner filed this petition for a writ of habeas corpus, seeking release or an individualized bond hearing to justify his continued detention. (DE 1.) In Petitioner's view, the statutory basis for his detention was 8 U.S.C. § 1226(c),[2] and such detention has become

---

[2] Petitioner submits in his petition that he was detained under the mandatory detention provision of 8 U.S.C. § 1226(c). (DE 1, at ¶ 7.) However, the government submits that Petitioner was detained under the discretionary detention provision of 8 U.S.C. § 1226(a). (DE 8, at 9.) Based

2

unduly prolonged to the point of being unconstitutional under the Third Circuit decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), among other cases. (DE 1.)

I ordered the government to file an answer to the petition. (DE 4.) I also ordered the government to notify the Court within seven days of Petitioner's release from custody, "as well as any change in the basis for Petitioner's immigration detention." (*Id.*) The government filed a response to the petition, and Petitioner filed a reply. (DE 8, 9.) No updates have been filed as to the status of Petitioner's immigration custody.

### III. ANALYSIS

Under 28 U.S.C. § 2241, a district court may exercise jurisdiction over a habeas petition when the petitioner is in custody and alleges that this custody violates the constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A petitioner may seek § 2241 relief only in the district in which he is in custody. *United States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009). To the extent that petitioner alleges that his detention is unlawful or unconstitutional, this Court has jurisdiction over petitioner's claims as he is detained within this district.

Under § 1226(a), the government has the discretion to arrest and detain an alien "pending a decision on whether the alien is to be removed from the United States." However, once a removal order has become final, the basis for the alien's detention switches to 8 U.S.C. § 1231(a). *See Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208, 215 (3d Cir. 2018). Such an alien will revert to pre-removal detention status only if a stay of removal is granted by

---

upon review of the record and Petitioner's notice of custody determination, I find Petitioner was detained pursuant to § 1226(a). (DE 8-4.)

3

the Court of Appeals. *See Leslie v. Att'y Gen.*, 678 F.3d 265, 270 (3d Cir. 2012); *see also Brodyak v. Davies*, Civ. No. 14-4351, 2015 WL 1197535, at *2 (D.N.J. Mar. 16, 2015).

Here, when the BIA dismissed Petitioner's appeal and affirmed the immigration judge's decision, Petitioner's removal became final and the basis for his custody changed from § 1226(a) to § 1231(a). When the Third Circuit granted Petitioner a temporary stay, the basis for his custody reverted temporarily to § 1226(a). When the Third Circuit later denied Petitioner's motion for a stay and vacated the temporary order on September 10, 2019, Petitioner's detention was once again controlled by § 1231.

Section 1231(a) creates a ninety-day removal period during which the government must detain persons still awaiting removal. 8 U.S.C. § 1231(a)(1)(A), (a)(2). Once the ninety-day removal period expires, the government may continue to detain, or may release on bond, aliens who are deportable on various specified grounds. *See* 8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678, 688–89 (2001), the United States Supreme Court held that § 1231 does not authorize indefinite post-removal-period detention. *Id.* at 689. Instead, such detention is limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* The Court further noted that six months would be a "presumptively reasonable" period of post-removal-order detention under § 1231. *Id.* at 701.

In *Guerrero-Sanchez v. Warden York County Prison*, the Court of Appeals for the Third Circuit emphasized "that aliens detained under § 1231(a)(6) are only entitled to a bond hearing after *prolonged* detention." 905 F.3d at 225. That case adopted a "six-month rule," meaning that "an alien detained under § 1231(a)(6) is generally entitled to a bond hearing after six months of custody." *Id.* at 226 (parenthetical omitted).

Here, the petition seeks relief from prolonged detention under § 1226(a). (DE 1.) Such relief must be denied as moot. Petitioner is no longer awaiting a ruling on removal, but has finally been ordered removed. He is therefore no longer detained under § 1226(a), the pre-removal provision. Rather, Petitioner is now detained under § 1231(a). His post-removal § 1231(a) detention has been in effect for less than one month, well short of the six-month period that will warrant a bond hearing.

Accordingly, Petitioner's application for a bond hearing will be denied without prejudice to a further application in the event his period of custody becomes "prolonged" and unwarranted under § 1231.

## IV. CONCLUSION

For the foregoing reasons, the habeas petition (DE 1) will be denied without prejudice to reopening this proceeding if Petitioner remains in custody for an unwarranted period under 8 U.S.C. § 1231(a). An appropriate order follows.

DATED: October 7, 2019

KEVIN MCNULTY
United States District Judge

5